Dore, J.
Defendant appeals from a judgment in favor of a sixteen-year-old infant and his father entered upon a jury verdict after trial.
The infant plaintiff sues- for damages for personal injuries, the amputation of the distal third and a portion of the middle third of his left ring finger, caused, it is claimed, by defendant’s alleged negligence. The injury was caused by a punching machine owned by defendant and located in his machine shop. Defendant and the infant’s employer had made arrangements whereby defendant rented the machine to the employer for an agreed price and the employer was to send its own employees to defendant’s shop to use the machine.
The infant testified that on the morning of the accident he arrived at defendant’s premises about nine-thirty or a quarter to ten and told defendant he was there to use the machine; the defendant walked over to the machine with him and operated it.a few times; the infant then took over and used the machine until lunch time. The accident happened soon after he returned from lunch. Plaintiff testified that while the power was off on the machine there was a disc in the machine which he wished to take out and, to use his own words, “ A. I took the cap out and I just laid it aside and then I looked over and there my finger was hanging.”
*297 This testimony as to how the accident happened is grossly at variance with the negligence claimed in the complaint and bill of particulars. The complaint alleges that as a result of the defendant allowing and permitting the control lever to remain loose and out of repair it fell and injured plaintiff. The same negligence is claimed in the bill of particulars.
Upon the trial plaintiff offered no proof that the control lever fell. In fact, the infant testified that the control lever did not fall and that he was not struck by it. Over defendant’s objection, plaintiff was permitted to offer evidence in support of other specific grounds of claimed negligence completely at variance with the negligence relied on in the complaint and specified in the bill of particulars. On the facts disclosed this was error. Defendant pleaded surprise and asked for withdrawal of a juror and a mistrial. Defendant was entitled to notice of the salient issues raised on which the claimed liability was predicated and to an opportunity to prepare his defense thereto (Hoffman v. Third Avenue R. R. Co., 45 App. Div. 586).
The trial court also erroneously charged sections 130 and 131 of the Labor Law relating to employment of minors. As defendant was not plaintiff’s employer, these sections had no application to the facts of the present case, and the error in the main charge was not adequately corrected.
The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Martin, P. J., Glennon, Cohn and Peck, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.